UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **LARRY ROBERTS**<br>     **FED. REG. #05654-078** | **CIVIL ACTION NO. 09-0449** |
| **VERSUS** | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN JOSEPH P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Pro se petitioner, Larry Roberts, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §1983 on March 16, 2009. When he filed this suit petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the Federal Corrections Institution, Oakdale, Louisiana, (FCIO) and he prayed for an order directing the BOP to reclassify and transfer him to a minimum security facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was convicted of possession with intent to distribute cocaine and sentenced to serve 180 months in BOP custody. He began serving his sentence elsewhere but on January 13, 2005, he was transferred to FCIO to complete his sentence.

Prior to February 2, 2007, petitioner submitted a Request for Transfer to a minimum security prison in Beaumont, Texas, and his Unit Manager and Case Manager approved the

request. [Doc. 1, Exhibit A, p. 8]. The request was apparently rejected, however. On April 11, 2008, the Warden and petitioner's Unit and Case Managers recommended the application of Greater Security Variable based on petitioner's "extensive weapon history." [Doc. 1, Exhibit B, p. 9]. Petitioner filed the instant suit in March 2009 asking the Court to grant his *habeas* petition and order the Respondent to consider, in good faith, petitioner's request for transfer to a minimum security prison.

## *Law and Analysis*

Petitioner implies that the Respondent's refusal to reclassify and transfer him to a minimum security facility violates unspecified rights guaranteed by Constitution and laws of the United States. In his effort to vindicate those unspecified rights, he seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); see also *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Here, petitioner does not attack the duration of his confinement, but rather, the conditions of his confinement.

Attacks on conditions of confinement are not cognizable in a *habeas* petition. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.")

Put another way, if "a favorable determination would not automatically entitle [the prisoner] to accelerated release" he may not utilize *habeas corpus* procedures and must instead

vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). Petitioner's *habeas* claims contest the conditions and not the fact or duration of his confinement. Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241.

In other words, since petitioner's prison classification in itself, has had no effect on the <u>duration</u> of his confinement he is not entitled to *habeas* relief. Compare *Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished). Instead, a civil rights action[1] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41.

The undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to *Bivens*. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. Further, even if petitioner were to raise these claims in a civil rights complaint, the complaint would be subject to summary dismissal since it has long been held that inmates have no constitutionally protected liberty interest in either a particular security classification or a specific place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983), *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Moore v. Attorney General*, 473 F.2d 1375, 1376 (5th Cir.1973).

Therefore,

---

[1] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lake Charles, Louisiana, this 12th day of April, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).